FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2005 NOV -9  AM 9: 25

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| MICHAEL MCNAIR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CV 105-057 |
| | ) |
| GEORGIA STATE PARDONS AND | ) |
| PAROLE BOARD; et al., | ) |
| | ) |
| Defendants. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff brought the above-captioned complaint pursuant to 42 U.S.C. § 1983. He is *pro se* and is currently proceeding *in forma pauperis*. On May 17, 2005, the Court directed Plaintiff to return his Prisoner Trust Fund Account Statement and Consent to Collection of Fees form within thirty (30) days, cautioning him that failure to respond could result in the dismissal of this case. (Doc. no. 4). Plaintiff failed to respond; however, because Plaintiff was transferred to a different prison and apparently did not receive his service copy of the Court's May 17th Order, the Clerk of Court re-mailed the Order to Plaintiff at his current place of incarceration on July 11, 2005. Plaintiff once again failed to respond.

Nevertheless, because the test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice," Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985), on September 30, 2005, the Court gave Plaintiff a final opportunity to comply with the Court's

May 17th Order. (Doc. no. 5). Plaintiff was given an additional ten (10) days to file the completed forms, and was warned once again that failure to comply with the Court's orders would result in dismissal. This time period has long since expired, yet Plaintiff has still failed to provide a properly completed Prisoner Trust Fund Account Statement or a signed Consent to Collection of Fees.

The Eleventh Circuit has stated that "the district court's power to control its docket includes the inherent power to dismiss a case . . . ." Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., 711 F.2d 989, 998 (11th Cir. 1983); see also Burden v. Yates, 644 F.2d 503, 505 (5th Cir. Unit B May 1981) ("It is also clear that a district court's power to control its docket includes the inherent power to dismiss a case."); Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970) ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c). Here, Plaintiff's failure to comply with the repeated orders of the Court clearly amounts to a failure to prosecute, and it is precisely the type of neglect contemplated by the Local Rule. Furthermore, because Plaintiff is proceeding *in forma pauperis*, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

However, the Court recognizes that Plaintiff is proceeding *pro se*, and courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an

2

adjudication on the merits.[1] See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993). Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice. The Court is not permanently barring Plaintiff from bringing a meritorious claim. It is simply recommending dismissing the case without prejudice until such time as Plaintiff is willing to file his case and pursue it.

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice, and that this case be **CLOSED**.

SO REPORTED and RECOMMENDED this 9th day of November, 2005, at Augusta, Georgia.

*W. Leon Barfield*
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[1] Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).